854

■ The People of the State of New York, Respondent, v. Donald E. De Groat, Appellant.— Permission to prosecute appeal as a poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Motion in all other respects denied. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

### (May 8, 1962)

■ Shaker Central Trust Fund, Respondent, v. Crusade for Christ, Inc., Appellant.— Appeal from an order of the Supreme Court at Special Term which denied defendant's motion for an order setting aside the sale and conveyance of the mortgaged premises sold pursuant to the judgment of foreclosure and sale granted in the action. Appellant contends, first, that the sale of the premises in one parcel was contrary to the provisions of law and of the judgment. The judgment, upon a form supplied by a stationer, provided in the printed portion of the form that "the mortgaged premises * * * or such part thereof as is sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action, and which may be sold separately and without material injury to the parties interested" (cf. Civ. Prac. Act, § 986 [last sentence]; § 1082, subd. 1; Rules Civ. Prac., rule 259), be sold under the direction of the Referee there named. The judgment also served, however, to confirm the report of the Referee previously appointed to compute the amount due and to examine and report whether the mortgaged premises could be sold in parcels (Rules Civ. Prac., rule 256) and recited, in part by insertion of "not" in the appropriate printed langauge of the form, "that the mortgaged premises can not be sold in parcels for the reasons stated in said report" (italics indicating typewritten insertion) and specifically ordered, adjudged and decreed "that the said report of said referee be, and the same hereby is, in all respects ratified and confirmed". Plaintiff served upon defendant-appellant's attorney a copy of the Referee's report above referred to, with a copy of the proposed judgment, and notice of motion to confirm the report and for judgment of foreclosure and sale. Although this service was made some 12 days prior to the return day of the motion and some 70 days prior to the date of the sale, it was not until after the sale had been made, the Referee's deed executed, delivered and recorded and the $30,300 proceeds of sale paid out and distributed (approximately $6,631 thereof in payment of tax liens, in respect of which appellant demonstrates no method of recovery or any means or ability to reimburse the purchaser or the Referee), that appellant appeared or took any action, having never requested a sale in parcels or even a clarification of any ambiguity in the language of the judgment, if ambiguity there was. (Cf. Zurlin v. Hotel Levitt, 5 A D 2d 945, 946; 15 Carmody-Wait, New York Practice, § 242, p. 375.) While we do not reach any factual issue, it may nevertheless be noted that although the premises are described as in separate parcels, it is asserted, without contradiction, that they were acquired at the same time, were mortgaged as a unit, were used and operated as an entirety and, except as divided by public highways or as affected by sales by the mortgagor, are contiguous. Special Term's denial of the motion to set aside, upon the ground first urged, was proper. We find no merit in the contention, additionally urged in support of the motion, that the consideration for the sale was so grossly inadequate as to shock the conscience of the court. Order affirmed, with $10 costs. Application for permission to appeal to the Court of Appeals granted. Settle order. Gibson, Herlihy and Reynolds, JJ., concur; Bergan, P. J., not voting.